The next case this morning is 523-0243, People v. Lampkins. Arguing for the appellant is Sally Cohen. Arguing for the appellee is Jessica Theoratos. Each side will have 10 minutes for their argument. The appellant will also have 5 minutes for rebuttal. Please note, only the clerk of the court is permitted to record these proceedings today. Good morning. Good morning. We've read your briefs. We're excited to hear your oral arguments. Ms. Cohen, are you ready to proceed? Yes. Thank you. Good morning, Your Honors. Sally Cohen on behalf of Defendant Kelsey Lampkins. Your Honors, this case is straightforward. At issue is whether Mr. Lampkins' post-conviction counsel complied with her duties under Rule 651C to provide reasonable assistance during Mr. Lampkins' post-conviction proceedings. In this case, it is clear that Mr. Lampkins' post-conviction counsel did not. Indeed, here, remand for further second-stage proceedings is required for three reasons. First, Mr. Lampkins' post-conviction counsel did not file a certificate under Rule 651C attesting to her compliance with the rule. Therefore, this court may not presume that she fulfilled its duties, and instead, the record must contain a clear and affirmative showing that she 1. consulted with Mr. Lampkins, 2. examined the record of the proceedings below, and 3. made any amendments necessary for proper presentation of his claims. Yet here, the record contains no affirmative showing that post-conviction counsel examined the record of the proceedings below, and as explained in Mr. Lampkins' briefing, the record also establishes that his counsel failed to make the type of routine amendments to his petition that, when omitted from a petition, have been found to rebut the presumption of reasonable assistance that arises even when a 651C certificate has been filed. Specifically, although counsel's amended petition presented a claim of ineffective assistance of plea counsel, she failed to allege an essential element of that claim—prejudice. She further failed to amend Mr. Lampkins' petition to overcome the procedural bar of forfeiture, even though Mr. Lampkins had arguably forfeited his claim by failing to raise it in a timely post-plea motion. Under controlling and long-standing Illinois Supreme Court authority of Turner, Suarez, and Addison, counsel's failure to present Lampkins' claim in the proper form, in not just one but two distinct ways, was straightforwardly unreasonable assistance. Second, and in the alternative, Mr. Lampkins' post-conviction counsel's representation was unreasonable because she labored under an actual conflict of interest. Indeed, his post-conviction counsel represented him during the very post-plea proceedings in which Mr. Lampkins arguably could have raised the same claim as he raises here. When an attorney is tasked with arguing their own ineffectiveness, our courts have found the conflict inherent. Here, it contributed to a specific defect in Mr. Lampkins' amended petition— the omission of an allegation of counsel's own ineffectiveness. This, too, was unreasonable assistance. Third, and critically, our Supreme Court has held time and time again that, despite the state's argument to the contrary, where, as here, there has not been reasonable assistance, remand is required. Therefore, because Mr. Lampkins has absolutely shown that he was deprived of the reasonable assistance of counsel, this Court must reject the state's invitation to assess the merits of the claims in Mr. Lampkins' amended petition. As the U.S. Supreme Court reiterated in Addison, quoting its early opinion in Suarez, our Rule 651c analysis has been driven not by whether a particular defendant's claim is potentially meritorious, but by the conviction that where post-conviction counsel does not adequately complete the duties mandated by the rule, the limited right to counsel conferred by the Act cannot be fully realized. I therefore ask that this Court remand Mr. Lampkins' petition for further proceedings with the assistance of reasonable counsel so that the limited right conferred to him by the Act may be fully realized. And I'm happy to answer any additional questions you may have at this time. You mentioned that you think this should be remanded back for a second stage hearing. Why would it not go back to a first stage with new counsel filing or amending the petition from the beginning and then filing their 651 certificate? For further proceedings, yes. So the petition would be remanded and amended with the assistance of reasonable counsel. Why would it go to a second stage? Why would we not be back at a first stage post-conviction petition? Well, once counsel is appointed, it's reached the second stage. So if counsel is amending the petition, it would be subject to a motion to dismiss instead of on the Frivolous or Holy Without Merit standard. Thank you. Other questions, Justice Barberos? No, not right now. Thank you. Justice McKinney? No questions. All right. Thank you. Thank you. Provided opportunity for rebuttal in a moment. Ms. Theodoratos? Thank you. Sorry, it's been a long time. No, it was perfect. May it please the Court. My name is Jessica Theodoratos, and I represent the people. Although there was no Rule 651C certificate filed by post-conviction counsel, the record contains a clear showing that she complied with the rule. Supreme Court Rule 651C imposes specific duties on post-conviction counsel. It requires post-conviction counsel, one, consult with the petitioner to ascertain the contentions of deprivation of constitutional rights, two, examine the record of trial court proceedings, and three, make any amendments to the pro se petition necessary for an adequate presentation of the petitioner's contentions. Post-conviction counsel may demonstrate compliance with Rule 651C by filing a certificate, but it's not required. Here, post-conviction counsel did not file a certificate, but she did comply with Rule 651C because the record makes clear that she consulted with defendant and had numerous discussions with him. Her petition raises the inference that she examined the record of the trial court proceedings, and she completely amended defendant's pro se petition so that the legal claims were adequately presented. Defendant's pro se petition was a letter that alleged that allegations involving the touching of a vagina are actually criminal sexual abuse, and defendant claimed that in his case, since there was no digital penetration, the prosecutor charged him with predatory criminal sexual assault and error. Post-conviction counsel shaped this claim into something legally cognizable when she argued the defendant's criminal acts. The amended petition... Let me stop you for one second, please. You just a moment ago, and I apologize. I didn't stop you quick enough right when you said what I'm about to question you about. In your brief, you say that on page 11, post-conviction counsel did not file a Rule 651 certificate, but they comply with the rule because the record makes clear that she consulted with constitutional rights and that she examined the record of the trial court proceedings. How is it that we know she examined the trial court's proceedings if she didn't file a 651C saying that she did? How is it that you make that statement in your brief? I think it can be presumed, given the way that she advanced the argument. She was doing a completely legal argument that didn't need any sites to the record, so it can just be assumed that she went through the prior proceedings in creating her argument. But if she can make the argument without looking at the record, how do you then come to the conclusion that she reviewed the record? I believe that she reviewed the record just given her maintaining that she had so many discussions with defendants, so she had to review everything in the record. Okay, so this is just your assumption that she did it. There's nothing in this case that you can point to that would affirmatively indicate she had done so. Yes, Your Honor. Okay, thank you. The petition that counsel advanced argued that trial counsel was ineffective for allowing the defendant to enter into a negotiated plea agreement in violation of the Proportionate Penalties Clause, and then attached to the petition was an affidavit signed by a defendant that claims he was advised by trial counsel to take the plea because it would expire, and he took counsel's advice. The amended petition, along with a record of proceedings, indicate the post-plea counsel had a lot of communication with defendant and chose substantial compliance with Rule 651C. Defendant argues that post-conviction counsel failed to allege prejudice in the petition, but post-conviction counsel did frame defendant's argument pursuant to Strickland. And a review of the amended post-conviction petition provides the counsel did argue defendant was prejudiced, where she argued that defendant could have been charged with a Class II felony instead of a Class X felony had he not been advised to plead guilty. And it's worth noting that the proportionate penalties claim that post-conviction counsel tried to advance is without merit, especially given the recent Illinois Supreme Court decision in People v. Johanson, which found that the penalty for predatory criminal sexual assault of a child does not violate the Proportionate Penalties Clause because conduct and contact are separate things. Defendant also argues that post-conviction counsel failed to shape the amended petition in the proper form to overcome the procedural bar of forfeiture. The People submit that the record makes clear that defendant had no basis to withdraw his guilty plea within the applicable 30-day time limit. On June 9, 2020, the trial court explained that two days after defendant entered a negotiated plea agreement, he filed pro se concerns that the trial court construed as either a motion to withdraw guilty plea or a motion to correct the minimus. A review of his motion to reduce sentence provides he sought credit for time he previously served in St. Clair County. Appointed counsel attorney Granito stated that defendant did not wish to withdraw his guilty plea and moved to withdraw defendant's post-judgment motions. The trial court understood that defendant was seeking credit against a sentence from an unrelated charge. Since defendant did not want to withdraw his guilty plea and his only concern was a sentence credit, post-conviction counsel could not be considered to have acted unreasonably in failing to amend the petition regarding alternate theories not raised by defendant at that time. Second, defendant argues post-conviction counsel labored under an actual conflict of interest and was ineffective for failing to raise her own ineffectiveness. As stated previously, the trial court received pro se correspondence from defendant entitled motion to reduce sentence. Attorney Granito was appointed and later informed the court that she had discussed with defendant his claims and had researched them. Attorney Granito explained that defendant wished to withdraw his pro se letter because he understood it would be taken as a motion to withdraw his plea and he did not want to do that. There was nothing in defendant's letter claim indicating a proportionate penalties claim nor was there any indication at the time that attorney Granito believed defendant wished to raise that claim. As such, attorney Granito would have no basis for raising a claim of her own ineffectiveness during post-plea proceedings for not raising a proportionate penalties claim. And even if attorney Granito had amended the post-conviction petition as defendant contends, it would not have caused a different result. Since defendant cannot prevail on his proportionate penalties claim, there would be no point in remanding where the ultimate result would be the dismissal of the post-conviction petition. In sum, although counsel did not file a Rule 651C certificate, counsel still followed the requirements of the rule by consulting with defendant and filing an amended post-conviction petition. Furthermore, even if post-conviction counsel had amended the petition as defendant argues on appeal, it would not change the result and the petition would still be dismissed. Therefore, the people respectfully request this court affirm the dismissal of the post-conviction petition. Are there any other questions I could answer at this time? It seems to me that under People v. Addison, 2023 Illinois 127-119, we don't even get to the merits of the petition if 651C was not complied with. Our sole basis for inquiry here is was 651C complied with? And if there wasn't even a certificate filed, then we have to see some clear evidence that the attorney did what was required by 651. When they don't file a certificate, there has to be some clear indication. And the only thing I hear you saying is that we can assume that or presume that based on arguments. But that doesn't seem to me to be a clear indication that the attorney complied with 651. How do you respond to that? I understand, Your Honor. Given the totality of the record and the attorney's representations that she was working so closely with the defendant and spending a lot of time on this case, I think it can be presumed that she went through the record proceedings. I'm asking, though, can we presume that? It seems to me that we have to make a clear finding. It has to be clear in the record, I think, that they followed 651. I'm not sure that we assume or presume compliance. I think her actions, when taken as a whole, provide the inference that she definitely looked through the record of proceedings. Right. Thank you. Anything further, Justice Barberos? No, thank you. Justice McKinney? Nothing further. All right. Thank you. Ms. Cohen-Rebuttal? Thank you, Your Honors. First, counsel argues that you can presume that post-conviction counsel read the record, but post-conviction counsel did not file a certificate, so no presumption attaches. You cannot presume that counsel read the record absent a clear and affirmative showing that she did so. Second, the ineffective assistance of counsel claim here alleged in the The word credit is not used anywhere in the petition, and there was no allegation that defendant would have insisted on going to trial absent counsel's advice. Third, as Your Honors have noted, we don't need to reach the merits here. Under Addison, remand is required because Rule 651C was violated. Thank you. Thank you. Anything further, Justice Barberos? No, thank you. Justice McKinney? No, thank you. All right, thank you. We appreciate your arguments. We'll continue to review the record. Consider your arguments. We'll issue a decision in due course.